IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL SCOTT,

                                OPINION AND ORDER

            Plaintiff,

                                20-cv-422-bbc

      v.

DR. LAVOIE, C. BAIER, C. FRANCOIS,
M. TALLIER, CAPTAIN SWIEKATOWSKI,
S. CUMMINGS, H. UTTER, J. PERTTU,
R. MATUSHAK, E. DAVIDSON AND
C. O'DONNELL,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Michael Scott is incarcerated at the Green Bay Correctional Institution. He filed this proposed civil action under 42 U.S.C. § 1983, contending that prison staff have violated his constitutional rights. He has requested leave to proceed without prepayment of the filing fee, but as he acknowledges in his complaint, he has "struck out" under 28 U.S.C. § 1915(g). Under § 1915(g), a prisoner is not allowed to bring a civil action in federal court without first paying the fee, if three or more of his civil actions or appeals have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. Court records confirm that plaintiff has filed at least three previous civil actions while imprisoned that were dismissed as frivolous or for failure to state a claim. Scott v. Aurora Sinai, 09-C-745 (E.D. Wis. Sept. 23, 2009); Scott v. McCabe, 10-cv-138-bbc (W.D. Wis. Apr. 26, 2010); Scott v. Columbia Correctional Institution, 11-cv-384-bbc (W.D. Wis. July 7, 2011).

1

The sole exception to the three-strikes rule is if the plaintiff's pleadings show that he is in imminent danger of serious physical injury. Consequently, plaintiff may not proceed with this action without prepaying the fees unless he shows that he is in imminent danger of serious physical injury. After reviewing plaintiff's complaint, I conclude that he may not proceed without prepayment of the filing fee because his complaint does not allege that he is in imminent danger. Therefore, I am dismissing his complaint without prejudice. If plaintiff pays the $400 filing fee, I will reopen the case and screen it under 28 U.S.C. § 1915A.

OPINION

Plaintiff acknowledges in his complaint that he must plead facts supporting a finding of imminent danger of serious physical injury. However, he has failed to do so. Plaintiff alleges that he has multiple health problems, including eye problems, tooth pain, dry skin, headaches and foot problems. Plaintiff says that health services staff is not addressing his numerous health problems adequately. However, plaintiff also alleges that he has had several appointments with health services staff in the past few weeks, and that he has received various treatments, including pain medication for his headaches, lotion for his skin and foot treatments for fungal infections. He has also submitted documents showing that he is on a list to be seen by the eye doctor, but that non-emergency appointments outside the prison are on hold due to the Covid-19 pandemic.

These allegations do not support an inference that plaintiff faces imminent danger of

serious physical injury sufficient to invoke the exception provided in § 1915(g). Instead, plaintiff's allegations suggest that he wants to be seen more frequently and that he disagrees with the treatment provided by health services staff. But a disagreement about treatment is not enough to support a constitutional claim, let alone support a claim of imminent danger. Lockett v. Bonson, 937 F.3d 1016, 1024 (7th Cir. 2019) (disagreements about medical treatment are not enough, by themselves, to establish Eighth Amendment violation). In sum, none of plaintiff's allegations suggests that plaintiff is facing a "genuine emergency" or a "real and proximate" threat of serious harm. Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). Therefore, plaintiff's complaint does not meet the exception under § 1915(g).

Because plaintiff has not identified a genuine emergency, he may not proceed without prepayment of the filing fee. I will dismiss this case without prejudice. If plaintiff pays the $400 filing fee, he may move to reopen the case.

ORDER

IT IS ORDERED that

1. Plaintiff Michael Scott is DENIED leave to proceed in forma pauperis under 28 U.S.C. § 1915(g).

2. This case is DISMISSED without prejudice, subject to being reopened if plaintiff submits the $400 filing fee by June 23, 2020.

Entered this 2d day of June, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge